## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------

CLAIRE FOLK                                    :
11 Cold Spring Court                           :
Sicklerville, NJ 08081                         :        CIVIL ACTION NO.: _____
                                               :
                   Plaintiff,                  :        JURY TRIAL DEMANDED
                                               :
        v.                                     :
                                               :
MEDFORD LAKES ENTERPRISES, LLC                 :
d/b/a PJ WHELIHAN'S GRILL ROOM                 :
220 Haddon Avenue, Fl. 2                        :
Westmont, NJ 08108                             :
                                               :
and                                            :
                                               :
GIBBSBORO ENTERPRISES, INC.                    :
4 Lakeview Drive                               :
Gibbsboro, NJ 08026                            :
                                               :
                   Defendants.                 :

---------------------------------------------------

## CIVIL ACTION COMPLAINT

Plaintiff, Claire Folk ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendants Medford Lakes Enterprises, LLC and Gibbsboro Enterprises, Inc. d/b/a PJ Whelihan's Grill Room ("Defendants"), alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this Complaint contending that Defendants have improperly failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a, *et seq.*

## PARTIES

2.      Plaintiff Claire Folk is a citizen of the United States and New Jersey, and currently maintains a residence at 11 Cold Spring Court, Sicklerville, New Jersey 08081.

3.      Upon information and belief, Defendant Medford Lakes Enterprises, LLC d/b/a PJ Whelihan's Grill Room is a for-profit business organized and existing under the laws of the State of New Jersey with an office address of 220 Haddon Avenue, Fl. 2, Westmont, New Jersey 08108.

4.      Upon information and belief, Defendant Gibbsboro Enterprises, Inc. d/b/a PJ Whelihan's Gill Room is a for-profit business organized and existing under the laws of the State of New Jersey with an address of 4 Lakeview Drive, Gibbsboro, New Jersey 08026.

5.      Defendants are each a "private employer" and covered by the FLSA.

6.      Plaintiff has been employed by Defendants at all times relevant hereto (i.e. from in or around November 2006 until Plaintiff's termination in or around April 2018), and, as such, is an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

7.      Paragraphs 1 through 6 are hereby incorporated by reference as though the same were fully set forth at length herein.

8.      This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

9.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

11.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL ALLEGATIONS PERTAINING TO ALL CLAIMS

12.     Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13.     In or about 2006, Plaintiff began her employment with Defendants, a business entity registered in New Jersey.

14.     In or around 2014, Plaintiff was promoted to the dual role of Lead Hostess and Assistant Manager.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S FLSA/WHL CLAIMS

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     As Lead Hostess, Plaintiff's duties consisted primarily of manual labor including, but not limited to, cleaning and setting dining room tables, running the dining room floor, running food to guest tables, folding linens, pulling wine from the wine cellar for customers, and stocking the bar.

17.     Separately from her role as Lead Hostess, Plaintiff acted at times as an Assistant Manager completing additional limited administrative tasks of a clerical nature.

18.     Plaintiff received an hourly rate of $17.50 per hour when acting as Lead Hostess.

19.     Plaintiff was paid $215.00 per day when acting as an Assistant Manager.

3

20.    Lead Hostess shifts typically lasted around eight (8) hours and Assistant Manager shifts typically lasted about nine (9) hours.

21.    From around 2014 onward, Plaintiff averaged around forty-five (45) hours per week between the two positions.

22.    Despite the fact that Plaintiff worked in excess of forty (40) hours per week, Plaintiff did not receive any overtime compensation for work performed in excess of forty (40) hours per week.

23.    For example, Plaintiff worked approximately twenty-five (25) hours as a Lead Hostess and approximately eighteen (18) hours as Assistant Manager during the week of February 5, 2018, to February 11, 2018, for a total of approximately forty-three (43) hours, yet she was not paid overtime compensation.

24.    Defendants apparently classified Plaintiff as "exempt" from overtime under the FLSA and WHL, and therefore determined that Plaintiff was not entitled to overtime compensation.

25.    Defendants unlawfully misclassified Plaintiff as "exempt."  Plaintiff was not exempt from receiving overtime compensation.

26.    Plaintiff did not have the authority to hire or fire other employees, nor did she make suggestions with respect to employee status changes to which Defendants gave significant weight.

27.    Thus, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/WHL.

28.    Plaintiff did not exercise discretion or independent judgment regarding matters of significance to Defendants.

29.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA

30.     In carrying out her job duties for Defendants in the Assistant Manager role, Plaintiff was paid a per diem rate, not on a bona fide salary basis.

31.     Upon information and belief, all employees treated as salaried or exempt employees were entitled to a quarterly bonus of around $600.00 or more, During her tenure, Ms. Folk was never entitled to the bonus.

32.     Both the executive and administrative exemptions require an employee be compensated on a "salary basis" or "fee basis" not a per diem or daily rate.  See 29 C.F.R. § 541.100 (executive exemption); see 29 C.F.R. § 541.200; see 29 C.F.R. § 541.602 ("An employee will be considered to be paid on a "salary basis" within the meaning of this part if the employee regularly receives each pay period on weekly, or *less frequent* basis, a predetermined amount constituting all or part of the employee's compensation[.]") (emphasis added); and See 29 C.F.R. § 541.605 ("Payments based on the number of … days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.").

33.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative or executive employees under the FLSA/WHL.

34.     Finally, there are no other exemptions under the FLSA/WHL which could arguably be applicable to Plaintiff.

35.     Plaintiff was, within the meaning of the FLSA/WHL, a non-exempt employee of Defendants.

36.     Defendants failed to pay Plaintiff at a rate of 1.5 times her regular rate of pay for each hour she worked in excess of forty (40) in a workweek.

37.     Plaintiff also worked off-site sometimes while clocked out of the Defendants' time keeping system and she would report these hours regularly.

38.     Defendants' management was aware that Plaintiff was regularly working several hours beyond what was reported in its time keeping system.

39.     Defendants failed to accurately track and maintain records of Plaintiff's hours worked in violation of the FLSA/WHL.

40.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

41.     Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

42.     Pursuant to Section 206(b) of the FLSA, all non-exempt employees must be compensated for every hour worked in a workweek.

43.     Moreover, Section 207(a)(1) of the FLSA states that non-exempt employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

44.     According to the policies and practices of Defendants, Plaintiff was required to work in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

45.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

46.     Defendants' actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

47.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

E.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

F.     Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## NEW JERSEY WAGE AND HOUR LAW
### N.J.S.A. 34:11-56a, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

48.     Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

49.     Plaintiff is an employee covered by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, and was thus entitled to the protections therein.

50.     The WHL provides than an employer must pay certain wages, including overtime wages, to non-exempt employees. See N.J.S.A. 34:11-56a4.

51.     The WHL further provides that non-exempt employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek. See N.J.S.A. 34:11-56a4.

52.     By its actions alleged above, Defendants has violated the provisions of the WHL by failing to properly pay overtime compensation.

53.     As a result of Defendants' unlawful actions, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts together with interest, costs, and attorneys' fees pursuant to the WHL.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the WHL; and

C.     An award to Plaintiff for any other damages available to her under applicable New Jersey law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

8

Respectfully submitted

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210

Attorneys for Plaintiff

Dated:   February 26, 2019

## DEMAND TO PRESERVE EVIDENCE

The Defendants is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.