**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE**

| | |
|---|---|
| ELIZABETH R. SAMMARTINO,<br><br>              Plaintiff,<br><br>    v.<br><br>ANNELLE P. KNIGHT,<br><br>              Defendant. | Civil No. 19-17706 (RMB/JS)<br><br>**ORDER TO SHOW CAUSE** |

    This matter comes before the Court upon the filing of the above-captioned suit.  Upon review of the Complaint, it appears that the Eastern District of Virginia may be a more appropriate venue for this suit.

    In analyzing whether a case should be transferred pursuant to 28 U.S.C. § 1404(a) the Court considers a non-exhaustive list of private and public factors.  The private factors include "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the

alternative forum)." <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted).

"The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." <u>Jumara</u>, 55 F.3d at 879-80.

The Court observes that Virginia has a strong interest in deciding this controversy involving an alleged Virginia Defendant and concerning a motor vehicle accident that allegedly occurred in Virginia.  In contrast, New Jersey's only apparent connection to this suit is that Plaintiff allegedly resides in New Jersey.

Moreover, with regard to the court congestion factor, the Court notes that the Administrative Office of the United States Courts has declared a judicial emergency in the District of New Jersey as a result of numerous judicial vacancies.

**THEREFORE, IT IS** on this **9th** day of **September 2019**, hereby:

**ORDERED** that Plaintiff shall show cause, by written submission filed on the docket within 10 days of the date of

2

this Order, why this case should not be transferred to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a).

                                  s/ Renée Marie Bumb

                                _____
                                RENÉE MARIE BUMB
                                UNITED STATES DISTRICT JUDGE